Battle., J.
This is-an appeal from an interlocutory order, made in the Superior Court of-Haywood county, by Reade, Judge. In the argument here it was said, by the counsel', that the order, was made in- a proceeding to review.the decision of the Clerk in passing-upon the sufficiency of a deposition, as prescribed in the Rev. Code, ch. 31, sec. 63. But the record docs not sh.ow that the Clerk had passed upon the deposition at all, and of course does not show that there was any appeal from any order made hy him. The order of the Judge does not appear to have been made on the trial of the canse, for, so far as the record shows, there was no jury impauneled to try it. All that appears from the- record, is, that the deposition was brought to the notice of the Court, preparatory to the trial, and the question was submitted to the presiding Judge, whether it was taken under such circumstances as would allow of its being read oh the trial, and he decided *85 against its admissibility. Sucb being the ease, he had no jurisdiction to. make the order, and there having been no •ause before the Court, there could' be ,no appeal under the 23d section of the 4th chapter of the Revised Code. The consequence is that the appeal must be dismissed.as haying been improvidently granted. Whether, if the record liad shown an appeal from the decision- of the clerk to the Court, the Judge -might have decided on the appeal, before the jury was impanneledin the cause, and allowed an appeal from. his order to this Court, or whether it was necessary to offer the. deposition on the trial, and let its. admission or rejection form an item in a bill of exceptions, is an interesting question of practice,. which we will not undertake to. decide until it is .properly brought before us. ' ■
. The appeal must be dismissed at the cost of the appellant.